PATRICK HENNESSEY *vs.* DANIEL FARRELL & another & Trustees.

CALVIN WHITE *vs.* DAVID BUTTERMORE & Trustees.

If several persons are summoned as trustees, on the ground of a joint liability, and one of them answers for himself and the others, jointly, and states the joint account between the parties, the answer is *prima facie* sufficient; and if the plaintiff, for any cause, desires to have the sworn answers of all, he should object to the answer of a single one at the time it is made, and move the court to require the others also to answer.

A contract for building and grading a section of a railroad provided, that for the services performed under the contract, the contractor should be paid monthly, upon a certificate by the engineer of the road of his estimate of the work done three fourths of the same, one fourth being retained until the work should be completed, and accepted by the engineer; and that in a certain contingency, the employer might determine the contract to be abandoned by the contractor, in which event the contract should be void, and any balance due the contractor should be forfeited to the employer: after the contractor had performed one month's service, and part of a second, and had been paid three fourths of the first, the employer determined that the contract had been abandoned by the contractor. It was held, that nothing was due from the employer to the contractor.

In these cases, in which the only question was, whether the supposed trustees, Patrick O'Keefe, John Healey and John T. Cahill, were chargeable as such, it appeared, from their answers, which were stated by one of them for himself and the others, that having entered into a contract to build and grade the South Shore railroad, they let out the building and grading of one section thereof to the defendants, to be done by them in the most substantial and workmanlike manner, and to the satisfaction and acceptance of the engineer of the railroad, and completed on or before the 15th of July, 1848.

It was agreed between the parties, that if it should appear to the engineer that the work was not carried on with sufficient rapidity, and was not likely to be completed within the time, the contractors above mentioned, the supposed trustees, might employ other help at the expense of the defendants, or the contractors should have the right to determine that the contract had been abandoned by the defendants; and that in the event of any such determination, the agreement on the part of the contractors should become null and void, and any balance of money should be forfeited by the defendants to the contractors.

It was further agreed, that between the first and tenth day of each month after the commencement of the work, the engineer should estimate the quantity of work done, and give a certificate thereof to the defendants; that on condition of the fulfilment of the agreement on their part, the contractors should pay the defendants seventy-five per cent of all work performed as estimated by the engineer, monthly, and should

retain the remaining twenty-five per cent until the work should be completed and accepted; and that when the whole section should be completed and accepted, according to contract, the balance due should be paid to the defendants.

It appeared, also, that the defendants having failed in the performance of the contract on their part, the contractors determined that the same had been abandoned, according to the stipulation above mentioned. At the time of this determination, the defendants had completed one month's work, for which they had been paid, according to the contract, seventy-five per cent, amounting to $401·58. They had also worked a part of a second month, but the work had not been estimated by the engineer. Deducting one quarter from the amount of the second month's work, as stated by the supposed trustees, the balance in their hands for that month was $262·51. The quarter part of the whole work done by the defendants, together with the said balance of the second month's work, the supposed trustees contended, by their answers, was forfeited to them, on the ground, that "the defendants abandoned their work and failed to perform their contract."

The cases came by appeal to this court, where they were argued in writing by *F. Hall*, for the plaintiffs, and *J. C. B. Davis* and *S. B. I. Goddard*, for the trustees.

SHAW, C. J. A preliminary exception is taken by the plaintiffs in their argument, that three trustees are summoned, and one only has answered.

In examining the case, it appears, that the plaintiff seeks to charge the three trustees on a joint liability from them to the principal defendants; that one has answered for himself and the other two, jointly, and stated the joint account. We think this is *prima facie* sufficient; especially when no exception appears to have been made to the sufficiency of the answer before it was submitted to the court for adjudication. If, for any cause, the plaintiff desired to have the sworn answers of all the trustees, he should have excepted at the time, and appealed to the court, to require of the trustees a better answer.

23*

Upon the answer, which must be taken to be true, we think the trustees are entitled to be discharged. The question is, whether any thing was due from the trustees to the principal defendants, at the time of the service of the writ, either then payable, or payable afterwards, absolutely, and not depending upon any contingency.

It is argued for the plaintiffs, that the trustees admit a certain sum named as a debt due to the defendants, but claim it as a forfeiture. We do not so understand their answer; on the contrary, the facts stated by them show that nothing was due from them, at the time of the service; and by force of the contract, under which the work was done by the principal defendants, nothing would be due now. What they do admit is, that they were under a contract with the principal defendants, by which, had it been performed, the defendants would have been entitled to the sum named; but they deny that it was so fulfilled. Upon the facts stated, the court are of opinion that there was nothing due.

As to part of a month's work, not completed, nothing had been earned. By the terms of the contract, it was entire for each month, and unless the work was continued to the end of the month, the defendants were not entitled to have an estimate made by the engineer.

As to the one quarter part of the nominal amount earned in former months, it was payable only upon the completion of the entire work contracted to be done, and as this never was done, this quarter part therefore never became a debt due, which could be charged by the trustee process.

*Trustees discharged.*